UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LANCE TAYLOR,

                Plaintiff,                Case No. 1:16-cv-1220

v.                                              Honorable Paul L. Maloney

CARMEN PALMER et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Palmer and Artes. The Court will serve the complaint against Defendants Finch and Houck.

**Discussion**

    I.        Factual allegations

Plaintiff is incarcerated at the Michigan Reformatory (RMI). In his *pro se* complaint, Plaintiff sues Warden Carmen Palmer, Deputy Warden F. Artes, Accounting Technician S. Finch and Classification Director J. Houck.

Plaintiff alleges that he was assigned a job as a unit porter on June 16, 2016. On July 14, 2016, Plaintiff received wages of approximately $8.14. He applied for an indigent loan in July and received $2.86, the different between his wages and the indigent threshold of $11.00. (*See* Mem. re. Indigency Status, ECF No. 1-1, PageID.12).[1] Plaintiff claims that the full amount of his wages was removed for his prisoner account to satisfy institutional debts and he was left with indigent funds of only $2.38 to purchase necessary hygiene supplies. In August and September, Plaintiff earned wages of $14.06 and $12.58,

---

[1]Under Michigan Department of Corrections policy, a prisoner is eligible for indigent status if s/he meets all of the following criteria:

1. Neither the prisoner's actual account balance nor his/her beginning spendable balance plus receipts equaled or exceeded $11.00 in the calendar month preceding application for indigent status . . .

2. The prisoner has no known cashable savings bonds;

3. The prisoner did not refuse a work or school assignment within the 12 months preceding application for indigent status; and

4. The prisoner was not terminated from a work or school assignment for unsatisfactory performance, or as the result of being found guilty of misconduct, within the 12 months preceding application for indigent status.

Policy Directive 04.02.120(B). The amount of the loan is the difference between $11.00 and the prisoner's beginning spendable balance for the preceding month as calculated pursuant to Paragraph B added to the total funds received during
that month. *Id.* at (D). The loan may only be used to purchase mandatory health care products, over-the-counter personal care products and hygiene products. *Id.* The policy further provides that indigent prisoners shall be loaned the postage equivalent for mailing a maximum of ten first class letters, as well as photocopying services and postage for legal materials. *Id.* at (H-I).

respectively. Like the previous month, the full amount of Plaintiff's wages were removed from his prisoner account to satisfy institutional debts.[2] According to his prisoner trust account statement, the funds were used to make payments toward federal filing fees and a razor. (*See* Trust Account Statement, ECF No. 1-2, PageID.23-24.) Because Plaintiff had account balances in August and September that exceeded $11.00 before the funds were removed, he was denied indigent loans. As a result, Plaintiff alleges that he had no funds remaining to purchase essential hygiene supplies and was unable to purchase postage to send mail to his friends and family. According to Plaintiff, Defendant Houck is responsible for processing indigent kites and Defendant Finch is responsible for approving or denying indigent funds.

Plaintiff claims that the prison will continue to remove the full amount of his wage income for as long as he is employed. He also was advised that if he quits his job, he will receive a misconduct ticket and will not qualify for indigent loans. Plaintiff grieved the matter through the three-step prison grievance process. He alleges that Defendants Palmer and Artes failed to investigate his grievance and ignored the issue by simply rejecting it. Plaintiff alleges that his inability to acquire basic hygiene supplies

---

[2]With regard to the removal of funds from a prisoner trust account, MDOC Policy 04.02.105(W) provides that all new funds received by a prisoner shall be used to satisfy his/her debts as outlined in this policy except under the following circumstances or as otherwise specifically ordered by a court:

1. It would leave the prisoner with less than $10 available during the month for personal use, based on the prisoner's monthly beginning spendable balance plus new funds received during the month. . . .

\*\*\*

8. Whenever a prisoner is assessed a fee for medical services pursuant to PD 03.04.101 "Prisoner Health Care Copayment" or incurs another institutional debt, including a debt to the PBF [Prisoner Benefit Fund], 100% of the prisoner's positive account balance shall be collected initially even if this would leave the prisoner with less than $10 available during the month for other personal use. Collection on the remaining debt shall be limited to 50% of future funds received for credit to the account unless the prisoner agrees in writing to a larger amount.

and non-legal postage to communicate with his friends and family violates his Eighth Amendment rights and MDOC policy. Plaintiff seeks injunctive relief and monetary damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Palmer and Artes, other than his claim that they failed to investigate his claim and rejected his grievance. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Palmer and Artes engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

At this stage of the proceedings, Plaintiff's allegations are sufficient to state a claim against Defendants Finch and Houck.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Palmer and Artes will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Finch and Houck.

An Order consistent with this Opinion will be entered.


Dated:  October 27, 2016              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge